

| | Samuel J. Rubin<br>+1 212 813 8852<br>SRubin@goodwinlaw.com | Goodwin Procter LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY  10018<br><br>goodwinlaw.com<br>+1 212 813 8800 |

August 10, 2021

**VIA ECF**

Hon. Debra Freeman
United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

> The telephone conference scheduled for 8/25/2021 will remain on the calendar, but the parties are relieved of their obligation to submit a proposed discovery plan under Rule 26(f).  The Clerk of Court is directed to mail a copy of this Order to Plaintiff.
>
> **SO ORDERED**
>
> /s/ Debra Freeman
> DEBRA FREEMAN
> United States Magistrate Judge
>
> Dated: 8/12/2021

Re:   *Thomas v. Citigroup Global Markets Holdings Inc.*, 21-cv-3673 (VEC) (DCF)

Dear Judge Freeman:

I write on behalf of Citigroup Global Markets Holdings Inc. ("CGMHI"), the Defendant in the above-referenced action, pursuant to Rule I.B of Your Honor's Individual Practices, to request an adjournment of the conference scheduled for August 25, 2021, and deadline to submit a Rule 26(f) discovery plan (ECF No. 23), until after the Court's resolution of CGMHI's pending motion to dismiss the Complaint (ECF Nos. 14-22 (the "Motion")).  CGMHI respectfully submits the requested adjournments are appropriate because this action is subject to the automatic stay provided by the Private Securities Litigation Reform Act of 1995 ("PSLRA").

The PSLRA provides that:  "[i]n any private action arising under this subchapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds, upon the motion of any party, that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."  15 U.S.C. § 77z-1(b)(1).  The Complaint purports to assert a single claim against CGMHI under Section 11 of the Securities Act of 1933.  *See* Compl. ¶ 2, ECF No. 1.[1]  On June 11, 2021, CGMHI moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  ECF Nos. 14-17.  The Motion was fully-briefed on June 21, 2021.  ECF Nos. 18-22.

The PSLRA's mandatory discovery stay applies to Section 11 claims.  *See* 15 U.S.C. § 77a; *see also NECA-IBEW Pension Trust Fund v. Bank Of America Corp.*, No. 10 Civ. 440, 2011 WL 6844456, at *1 (S.D.N.Y. Dec. 29, 2011) (holding that the PSLRA's mandatory stay of discovery applies to Section 11 claim).  The PSLRA discovery stay applies to individual (non-class) actions.  *See Riggs v. Termeer*, No. 03-cv-4014, 2003 WL 21345183, at *1 (S.D.N.Y. June 9, 2003) (applying PSLRA's automatic stay to non-class action litigation "since the PSLRA was not intended to be limited to class actions").

Separately, apart from the PSLRA's automatic stay which controls here, courts in this District further recognize that a stay of discovery is appropriate "pending resolution of a potentially dispositive motion where the motion appears to have substantial grounds or, stated another way, does not appear

---

[1]   The action was filed *pro se* and without the Southern District of New York's civil case cover sheet identifying the nature of the suit.  It was designated in the Court's Electronic Case Filing ("ECF") docketing system with a nature of suit description identifying it as a "civil rights: other" action.  The Complaint does not advance a civil rights claim or any other claim apart from the purported Section 11 claim set forth in the Complaint.



Hon. Debra Freeman
August 10, 2021
Page 2

to be without foundation in law." *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (quotation and alteration omitted). Courts in this District will stay discovery where, as here, there are "substantial arguments for dismissal of many, if not all, of the claims asserted in [the] lawsuit." *See, e.g., Spencer Trask Software & Info. Serv., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). CGMHI submits that a further basis to stay discovery in this action is that it has advanced several substantial and legally well-founded grounds for dismissal of the entirety of this action, including that: (i) the Complaint fails to establish the Court's subject matter jurisdiction; (ii) Plaintiff's claims are time-barred by Section 11's one-year statute of limitations; and (iii) the Complaint fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

Accordingly, CGMHI respectfully requests that the Court adjourn the Initial Pretrial Conference scheduled for August 25, 2021 (and the corresponding deadline to submit a discovery plan on August 18, 2021) until after the Court's resolution of CGMHI's pending Motion. There have been no previous requests for adjournment of these deadlines, and there are no other deadlines in this action that would be affected by the requested adjournments. Plaintiff did not consent to the requested adjournments and did not provide reasons for refusing to consent.

Respectfully submitted,

/s/ Samuel J. Rubin

Samuel J. Rubin

Cc:   Sean Thomas (*via* ECF, e-mail & U.S. Mail)