USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/30/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
SEAN H. THOMAS,                                        :
                                                       :
                              Plaintiff,               :     21-CV-3673 (VEC)
                                                       :
              -against-                                :     ORDER ADOPTING IN
                                                       :     PART AND MODIFYING
CITIGROUP GLOBAL MARKETS HOLDINGS                      :     IN PART A REPORT &
INC.,                                                  :     RECOMMENDATION
                                                       :
                              Defendant.               :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on April 26, 2021, Plaintiff Sean H. Thomas, proceeding *pro se*, filed a complaint against Defendant Citigroup Global Markets Holdings, Inc., Dkt. 1;

WHEREAS Plaintiff asserted a claim under Section 11 of the Securities Act of 1933 and sought compensatory and punitive damages, *id.*;

WHEREAS, although not expressly pled, Plaintiff's complaint may be construed as also pleading a New York common law fraud claim;[1]

WHEREAS on May 18, 2021, the Court referred this case to Magistrate Judge Freeman for general pretrial management and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions, Dkt. 5;

WHEREAS on June 11, 2021, Defendants moved to dismiss the complaint for failure to plead standing under Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to a state a claim under Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules, Dkt. 14;

---

[1] The Court liberally construes Plaintiff's complaint given his status as a *pro se* party. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." (cleaned up) (collecting cases)).

1

WHEREAS on March 1, 2022, Judge Freeman entered an R&R, recommending that the Court grant Defendant's motion to dismiss and grant Plaintiff leave to amend his complaint, Dkt. 29;

WHEREAS in the R&R, Judge Freeman notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings, *id.* at 34;

WHEREAS Judge Freeman further noted that failure to file objections would result in both the waiver of objections and the preclusion of appellate review, *id.*;

WHEREAS on March 1, 2022 at 7:09 P.M., the R&R was sent to the *pro se* Plaintiff via electronic notification at the email address he provided to the Court;[2]

WHEREAS no objections were filed by either party;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

---

[2]   On October 19, 2021, Plaintiff consented to electronic service of notices and documents in this case, affirming that he has "regular access to [his] email account and to the internet and will check regularly for Notices of Electronic filing;" that he has "established a PACER account;" that he understands he "will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;" that he will "promptly notify the Court if there is any change in [his] personal data, such as name, address, or e-mail address" or if he wishes "to cancel this consent to electronic service;" and that he "must regularly review the docket sheet of [his] case so that [he does] not miss a filing." *See* Consent to Electronic Service, Dkt. 27 at 1.

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R reveals that there is no clear error.

IT IS HEREBY ORDERED that the R&R is adopted in part and modified in part. For the reasons stated in the R&R, Defendant's motion to dismiss is GRANTED. The Court has grave doubts that there are additional facts that Plaintiff can allege to rescue his complaint, especially given Plaintiff's admission that the prospectus supplement that is at issue in this case was accurate at the time it was issued. *See* Compl., Dkt. 1 ¶ 2; R&R, Dkt. 29 at 9, 30–31. Instead of granting Plaintiff leave to amend his complaint, therefore, the Court finds it more efficient to require Plaintiff to file a motion seeking leave to amend his complaint. Accordingly, Judge Freeman's recommendation that Plaintiff be granted leave to amend is modified; Plaintiff may not file an amended complaint, he may only file a motion seeking leave to amend his complaint.

IT IS FURTHER ORDERED that if Plaintiff chooses to seek leave to file an amended complaint, he must do so by no later than **Friday, April 22, 2022**. Any brief in support of his motion may not exceed ten double-spaced pages and he must attach a proposed amended complaint as an exhibit to his motion. For the reasons discussed in the R&R, the Court will only grant Plaintiff's motion seeking leave to file an amended complaint if the proposed amended complaint remedies the defects in his federal Section 11 claim by: (a) setting forth facts that would support equitable tolling of the one-year statute of limitations applicable to his Section 11 claim; and (b) pleading, with particularity, the third prong of that claim, *i.e.,* that the challenged registration statement contained a material false statement or omission at the time when that

statement became effective. Moreover, if Plaintiff chooses to assert a common-law fraud claim in his proposed amended complaint, Plaintiff must plead, with particularity, each of the necessary elements of that claim, as set out in the R&R.

IT IS FURTHER ORDERED that Defendant's response in opposition to the motion seeking leave to amend, if any, may not exceed ten double-spaced pages and is due no later than **Friday, May 20, 2022**. Plaintiff's reply in support of his motion, if any, may not exceed five double-spaced pages and is due no later than **Friday, June 3, 2022**.

IT IS FURTHER ORDERED that if Plaintiff fails to file a motion seeking leave to amend his complaint by the deadline, or if Plaintiff fails to include a proposed amended complaint as an exhibit to his motion, the Court will dismiss Plaintiff's claims with prejudice and will close this case.

IT IS FURTHER ORDERED that because the R&R gave the parties adequate warning, *see* R&R, Dkt. 29 at 34–35, the failure to file any objections to the R&R precludes appellate review of this decision. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").

The Clerk of Court is respectfully directed to close the open motion at docket entry 14.

**SO ORDERED.**

**Date:  March 30, 2022**
       **New York, New York**

_____
     **VALERIE CAPRONI**
     **United States District Judge**

4